UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIO T. SIMPSON,

Petitioner, Case No. 2:25-CV-11823

v. UNITED STATES DISTRICT COURT JUDGE GERSHWIN A. DRAIN

PAUL SCHREIBER,

Respondent,
______________________________/

**OPINION AND ORDER (1) DIRECTING THE CLERK OF THE COURT TO CHANGE PETITIONER'S ADDRESS ON THE COURT DOCKET, (2) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Demario T. Simpson, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder. For the reasons that follow, the petition for writ of habeas corpus is DENIED. The Clerk of the Court is directed to update Petitioner's address on the court's docket to the Gus Harrison Correctional Facility, 2727 East Beecher Street, Adrian, Michigan, 49221. [1]

## I. BACKGROUND

Petitioner was convicted on his guilty plea in the Genesee County Circuit Court.

[1] The Court obtained the information concerning Petitioner's change of address from the Respondent's Certificate of Service (ECF No. 9, PageID. 195) as well as the Michigan Offender Tracking System, which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,*323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004). Although Petitioner did not send this Court a notice of change of address, the Court will take judicial notice of Petitioner's updated address. *See Henderson v. Lincoln Cnty. Jail*, No. 4:23-CV-52, 2024 WL 268404, at *1 (E.D. Tenn. Jan. 24, 2024).

Petitioner was originally charged with open murder. [2] Petitioner's first trial counsel filed a motion in the district court for Petitioner to be referred to the Center For Forensic Psychiatry for evaluations as to Petitioner's mental competency and whether he was criminally responsible. The motion was granted. Dr. Trang Walker, a clinical psychologist at the Forensic Center, issued reports finding that Petitioner was competent to stand trial and that he had the mental capacity to be criminally responsible for his actions in spite of his lengthy history of mental illnesses. (ECF No. 10-21, PageID. 831-853).

Petitioner was found competent to stand trial based on Dr. Walker's report and following a preliminary examination was bound over to the circuit court to stand trial.

At a pretrial hearing in the circuit court, Petitioner's counsel moved to withdraw from representing Petitioner, citing a breakdown in the attorney-client relationship. The Court agreed to appoint new counsel for Petitioner. The circuit court judge noted that he had not received the reports from the Forensic Center yet so the competency issue would be put over until the reports had been received and new counsel appointed. (ECF No. 10-5, PageID. 250-52). At a subsequent pretrial hearing, Petitioner and his new counsel asked the court for an independent psychiatric

[2] Under Michigan law, it is proper to charge a defendant with the crime of open murder. Such a charge gives a circuit court jurisdiction to try a defendant on first and second-degree murder charges. See *Taylor v. Withrow*, 288 F.3d 846, 849 (6th Cir. 2002).

evaluation to be conducted on the issue of criminal responsibility and mental competency. The circuit court judge granted the motion. (ECF No. 10-6, PageID. 257-260).

An independent psychological evaluation was performed on Petitioner by Dr. Maxwell Taylor. (ECF No. 10-21, PageID. 855-64). Dr. Taylor also found Petitioner competent to stand trial. (*Id.*, PageID. 860-63). With regards to the issue of criminal responsibility, Dr. Taylor stated that he could not complete his evaluation on this issue because "although [Petitioner] was hearing voices shortly after the incident, he was able to conform his conduct to what was required during the interview with the officers." (*Id.*, PageID. 864).

At a pretrial hearing on February 13, 2018, the circuit court judge indicated that he had an order in the file signed by District Court Judge Bayeh-Haley on May 30, 2017 finding Petitioner competent. The judge indicated that the only report he had as to competency was from Dr. Taylor. (ECF No. 10-7, PageID. 265-66).

On October 2, 2018, the prosecutor agreed to amend the original open murder charge to second-degree murder, in exchange for Petitioner's plea of guilty but mentally ill to the charge. Although the prosecutor also indicated that Petitioner would be pleading guilty to a felonious assault charge, there is no indication from the record that Petitioner pleaded guilty to this charge or was sentenced on it. There was also a *Cobbs* agreement for Petitioner to be sentenced to fifteen to fifty years in

prison. [3] (ECF No. 10-9, PageID. 279-82, 285). Petitioner was ultimately sentenced to fifteen to fifty years in prison. (ECF No. 10-10, PageID. 314).

Petitioner, through appellate counsel, moved to withdraw the plea on the ground that his constitutional rights had not been read to him on the record prior to the taking of the plea. The judge denied the motion. *People v. Simpson*, No. 17-041677-FC (Genesee Cty.Cir.Ct., May 13, 2019)(ECF No. 10-15). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Simpson*, No. 349076 (Mich.Ct.App. July 10, 2019); *lv. den*. 505 Mich. 947, 936 N.W.2d 464 (2020); *reconsideration den.* 505 Mich. 1045, 941 N.W.2d 622 (2020).

Petitioner then filed a post-conviction motion for relief from judgment with the trial court. It appears as though Petitioner filed this motion *pro se*. (ECF No. 10-16). The trial court denied the motion for relief from judgment. *People v. Simpson*, No. 17-041677-FC (Genesee Cty.Cir.Ct., June 30, 2023)(ECF No. 10-18). Counsel was apparently appointed to represent Petitioner on his post-conviction appeal with the Michigan Court of Appeals. Post-conviction counsel filed an application for leave to appeal and a brief in support of that application on Petitioner's behalf with the Michigan Court of Appeals. (ECF No. 10-21, PageID. 566-90). The Michigan Court

---

[3] In *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty or no-contest and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x 701, 703, n.1 (6th Cir. 2007).

of Appeals denied Petitioner leave to appeal. *People v. Simpson,* No. 368182 (Mich.Ct.App. Mar. 8, 2024)(ECF No. 10-21, 562). Petitioner then filed a *pro per* application for leave to appeal with the Michigan Supreme Court. (ECF No. 10-22, PageID. 917-38). The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Simpson*, 516 Mich. 965, 15 N.W.3d 822 (2025).

Petitioner seeks a writ of habeas corpus on the following ground:

> Defendant is entitled to the effective assistance of counsel, which includes that defense counsel making a reasonable investigation into the prosecution's case and into various defense strategies. The trial court erred when denying the motion for relief from judgment when Mr. Simpson was denied the effective assistance of counsel considering the fact trial counsel was unaware an independent criminal responsibility evaluation could not be formulated and when trial counsel's lack of awareness resulted in the trial court believing the defense's doctor found Simpson criminally responsible.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## III. DISCUSSION

### A. The ineffective assistance of counsel claims.

Petitioner alleges he was denied the effective assistance of counsel.

Petitioner's primary claim is that his trial counsel was ineffective for failing to raise an insanity defense in light of Petitioner's extensive history of mental illness and the fact that Petitioner indicated that a voice or voices had told him to kill the victim. Petitioner further contends that trial counsel should have obtained a psychiatric expert to support such a defense.

Respondent argues that this claim has been waived by Petitioner's unconditional guilty plea.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Pre-plea claims of ineffective assistance of trial counsel are considered non-jurisdictional defects that are waived by a guilty or no-contest plea. *See Hawkins v. Rivard,* No. 16-1406, 2016 WL 6775952, at * 5 (6th Cir. Nov. 10, 2016); *United States v. Stiger,* 20 F. App'x. 307, 309 (6th Cir. 2001); *Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002). This includes a claim that trial counsel was ineffective for failing to investigate or pursue an insanity defense. *See Coker v. Stephenson,* 662 F. Supp. 3d 759, 766 (E.D. Mich. 2023) (*citing Watkins v. Campbell*, 182 F. Supp. 3d 727, 735 (W.D. Mich. 2016)). Petitioner's unconditional guilty plea waived habeas review of this claim.

In any event, Petitioner is unable to show that counsel was ineffective for failing to investigate or pursue an insanity defense.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner is unable to show that counsel was ineffective for failing to request an independent psychiatric evaluation when counsel, in fact, did make a motion at the pre-trial conference for the court to appoint an independent psychiatric expert. *See Powell v. Collins*, 332 F.3d 376, 398 (6th Cir. 2003). The trial judge appointed Dr. Taylor to conduct an independent psychological evaluation. Dr. Taylor concluded, like Dr. Walker, that Petitioner was mentally competent to stand trial. Dr. Taylor indicated he was unable to render an opinion as to whether Petitioner

should be held criminally responsible for his action but he did not refute Dr. Walker's opinion that Petitioner was not legally insane at the time of the murder. Although Dr. Taylor did not find Petitioner to be criminally responsible, he did not find that Petitioner was legally insane at the time of the killing, so he would have been unable to support an insanity defense.

Petitioner seems to argue that trial counsel should have attempted to find another psychiatrist or psychologist who could support an insanity defense.

With respect to Petitioner's claim that trial counsel was ineffective for failing to seek an additional mental health expert, the Supreme Court has noted that a counsel's strategic decision as to whether to hire an expert is entitled to a "'strong presumption' of reasonableness." *Dunn v. Reeves*, 594 U.S. 731, 739 (2021). The selection of an expert witness by a defense attorney is a "paradigmatic example" of the type of strategic choice that, when made after thorough investigation of the law and facts, is "virtually unchallengeable" under *Strickland*. *Hinton v. Alabama*, 571 U.S. 263, 275 (2014). "Effective assistance does not require counsel to continue contacting experts until he found one...willing to testify against the prosecution's theory of the case." *Flick v. Warren*, 465 F. App'x 461 465 (6th Cir. 2012) (petitioner's counsel in a second-degree murder prosecution was not ineffective for failing to call an expert to challenge the science underlying Shaken Baby Syndrome,

after counsel had contacted three doctors seeking help with the case and had received unfavorable responses from all three).

Petitioner's claim also fails because he failed to offer conclusive evidence that he was legally insane at the time of the murder, that he had a mental health expert who would testify to him being insane, or that such a defense would have been successful.

Under Michigan law, "Legal insanity is an affirmative defense requiring proof that, as a result of mental illness or being mentally retarded as defined in the mental health code, the defendant lacked 'substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or conform his or her conduct to the requirements of the law.'" *People v. Carpenter*, 464 Mich. 223, 230-231; 627 N.W.2d 276 (2001) (*quoting* Mich. Comp. Laws § 768.21a(1)). "The defendant has the burden of proving the defense of insanity by a preponderance of the evidence." Mich. Comp. Laws § 768.21a(3).

Petitioner's claim is without merit because he failed to present any evidence, either to the state courts, or to this Court, that he was legally insane at the time of the crime. *See e.g. Sneed v. Johnson,* 600 F. 3d 607, 611 (6th Cir. 2010). Michigan law "recognizes a continuum of mental functioning," such that mental illness is a necessary, but not sufficient, requirement for an insanity defense. *People v. Ramsey*, 422 Mich. 500, 513, 375 N.W.2d 297, 302 (1985). "Insanity by definition is an

extreme of mental illness." *People v. Fultz*, 111 Mich. App. 587, 590, 314 N.W.2d 702, 704 (1981). That is, "the statutes provide that all insane people are mentally ill but not all mentally ill people are insane." *Id.* Petitioner failed to show that he has an expert who would testify that he was legally insane at the time of the offenses, thus, counsel's failure to raise an insanity defense was not prejudicial to Petitioner. *See Abdur'Rahman v. Bell,* 226 F.3d 696, 715 (6th Cir. 2000).

Moreover, as one court has noted: "[t]here is considerable empirical evidence that insanity pleas in and of themselves are not received favorably by jurors." *Weekley v. Jones*, 76 F.3d 1459, 1463 (8th Cir. 1996) (*citing* C. Boehnert, Characteristics of Successful and Unsuccessful Insanity Pleas, 13 Law and Human Behavior 31, 34, 36-37 (1989)). Since insanity or mental defenses are rarely successful, it would not have been unreasonable for counsel to forego such a defense. *See e.g. Silva v. Woodford,* 279 F. 3d 825, 851 (9th Cir. 2002); *Coker v. Stephenson*, 662 F. Supp. 3d at 767; *See also Sneed,* 600 F. 3d at 611 (counsel not ineffective in failing to present insanity defense where "public's widespread skepticism of the insanity defense at the time of Sneed's trial in 1986 (circa the John Hinkley trial), indicate that this was not an attractive defense").

Finally, this Court notes that Petitioner received an advantageous plea bargain, in which the prosecutor agreed to amend the original open murder charge to essentially a reduced charge of second-degree murder. The original open murder

charge includes the charge of first-degree murder charge. The elimination of the first-degree murder charge was particularly beneficial to Petitioner. Under Michigan law, a conviction for first-degree murder requires a non-parolable life sentence, whereas a conviction of second-degree murder is parolable. *See Perkins v. LeCureux*, 58 F.3d 214, 216 (6th Cir. 1995). Petitioner was able to plead guilty to a reduced charge of second-degree murder with a sentence agreement of fifteen to fifty years in prison. Petitioner was also permitted to plead guilty but mentally ill. A guilty but mentally ill conviction does not relieve a defendant of criminal responsibility but it does afford a defendant an opportunity for psychiatric treatment. *People v. Stephan,* 241 Mich. App. 482, 491; 616 N. W. 2d 188 (2000).

"The nature of relief secured by a successful collateral challenge to a guilty plea—an opportunity to withdraw the plea and proceed to trial—imposes its own significant limiting principle: Those who collaterally attack their guilty pleas lose the benefit of the bargain obtained as a result of the plea. Thus, a different calculus informs whether it is wise to challenge a guilty plea in a habeas proceeding because, ultimately, the challenge may result in a *less favorable* outcome for the defendant, whereas a collateral challenge to a conviction obtained after a jury trial has no similar downside potential." *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010)(emphasis original). Were this Court to grant Petitioner habeas relief and order that his plea be

vacated, Petitioner would be facing the possibility of life in prison without the possibility of parole. Petitioner is not entitled to relief on this claim.

Petitioner also briefly argues that the trial court erred in accepting his guilty plea without first determining his competency to enter the plea and that trial counsel was ineffective for failing to object. He also argues that appellate counsel on his direct appeal was ineffective for failing to raise this issue on appeal. (ECF No. 1, PageID. 47-48). Elsewhere he also argues that his appellate counsel was ineffective. (*Id.*, PageID. 49, 55).

The problem for Petitioner regarding these two claims is that neither of these claims were fully exhausted in the state courts in Petitioner's post-conviction proceedings and Petitioner no longer has an available remedy to exhaust these issues.

Petitioner filed his own *pro se* motion for relief from judgment. (ECF No. 10-16). He did not raise any ineffective assistance of appellate counsel claim in his motion. Petitioner did briefly argue in his motion that he was not competent to plead guilty, although he did not argue that trial counsel was ineffective for failing to challenge Petitioner's competency to plead guilty. (*Id.*, PageID. 354-55). Petitioner also argued that trial counsel should have obtained a psychiatrist to counter the expert testimony that he was "competent at the time of the crime" (*Id.*, PageID. 351). Petitioner, however, appears to be confusing the issue of insanity and competency in this latter statement. The majority of Petitioner's post-conviction motion was

centered around his claim, discussed, *supra*, that trial counsel was ineffective for failing to raise an insanity defense.

Counsel was appointed to represent Petitioner on his post-conviction appeal with the Michigan Court of Appeals after the trial court denied Petitioner's post-conviction motion. Post-conviction counsel's appellate brief only argued that trial counsel was ineffective for failing to raise an insanity defense. The brief did not raise an ineffective assistance of trial counsel claim regarding Petitioner's mental competency or any claim that appellate counsel was ineffective. (ECF No. 10-21, PageID. 566-90).

After the Michigan Court of Appeals denied Petitioner leave to appeal, Petitioner again represented himself *pro se* in his application for leave to appeal to the Michigan Supreme Court. Again, as with the motion for relief from judgment and the post-conviction appeal brief before the Michigan Court of Appeals, Petitioner's application for leave to appeal argued primarily that trial counsel was ineffective for failing to raise an insanity defense. (ECF No. 10-22, PageID. 917-38). Although Petitioner did make a brief reference to his competency to stand trial or plead guilty, he did not argue that trial counsel was ineffective for failing to challenge Petitioner's competency to stand trial. (*Id.*, PageID. 932). Although Petitioner did argue that the ineffectiveness of counsel can excuse a procedural default, he seemed to be arguing that it was trial counsel's ineffectiveness and not appellate counsel's ineffectiveness

that should excuse Petitioner's failure to raise his claim on his direct appeal. (*Id.*, PageID. 931, 936).

In order to properly exhaust a claim on state post-conviction review, a habeas petitioner is required to present that claim in his or her post-conviction motion before the state trial court and in his or her post-conviction appeal to the state's appellate courts. *See Smith v. Gaetz,* 565 F.3d 346, 352 (7th Cir. 2009). Thus, in order to fully exhaust a claim that is raised in a post-conviction motion for relief from judgment, a Michigan defendant needs "to raise this claim in his motion for relief from judgment *and* in the Michigan Court of Appeals and Michigan Supreme Court." *Jones v. Howard*, 790 F. Supp. 3d 601, 612 (E.D. Mich. 2025) (emphasis original).

Petitioner's claim that trial counsel was ineffective for failing to challenge his competency to stand trial was never exhausted with the state courts for several reasons.

First, although Petitioner mentioned in his motion for relief from judgment before the trial court and again in his *pro se* application for leave to appeal before the Michigan Supreme Court that he was not competent to plead guilty, he did not argue that trial counsel was ineffective for failing to challenge his competency to plead guilty or stand trial.

For purposes of the exhaustion requirement, an ineffective assistance of counsel claim is legally distinct from the underlying substantive claim incorporated into the ineffective assistance of counsel claim. *See White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005). Because Petitioner did not present his competency claim as an ineffective assistance of trial counsel claim to the state courts, it appears to be unexhausted for purposes of habeas review.

Secondly, Petitioner did not present any competency claim or related ineffective assistance of counsel claim regarding his alleged incompetency in his post-conviction appeal with the Michigan Court of Appeals. Because Petitioner did not present any such claim to the Michigan Court of Appeals, he did not fully exhaust his ineffective assistance of trial counsel claim regarding the competency issue on state post-conviction review.

Petitioner did not raise an ineffective assistance of appellate counsel claim in his initial motion for relief from judgment or in his post-conviction appeal before the Michigan Court of Appeals. It is unclear if Petitioner even raised an ineffective assistance of appellate counsel claim in his application for leave to appeal before the Michigan Supreme Court, but even if his claim before that court could be construed as such, this would be insufficient to exhaust this claim. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v.*

*Peoples*, 489 U.S. 346, 351 (1989). Because Petitioner failed to present any ineffective assistance of appellate counsel claim in his post-conviction motion with the trial court or with his post-conviction appeal before the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Warlick v. Romanowski,* 367 F. App'x 634, 643 (6th Cir. 2010).

Unfortunately, Petitioner no longer has any available state court remedies with which to exhaust these two claims. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 F. App'x 781, 783 (6th Cir. 2007). Petitioner has no available state court remedies with which to exhaust his remaining claims.

If a habeas petitioner fails to present his or her claims to the state courts and is now barred from pursuing relief there, the petition should not be dismissed for lack of exhaustion because there are simply no remedies available for the petitioner to exhaust. However, the petitioner will not be allowed to present claims never before presented in the state courts unless he or she can show cause to excuse his or her failure to present the claims in the state courts and actual prejudice to his or her defense at trial or on appeal. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir.

1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, fn. 3.

Petitioner appears to argue that the ineffective assistance of post-conviction counsel establishes cause to excuse his defaulted ineffective assistance of trial counsel claim. (ECF No. 1, PageID. 49).

A habeas petitioner cannot typically rely on the ineffective assistance of post-conviction counsel as cause because there is no constitutional right to an attorney in post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). However, in *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that in those states that do not allow a criminal defendant to raise an ineffective assistance of trial counsel claim on direct appeal but only for the first time in a state post-conviction proceeding, the ineffective assistance of post-conviction counsel in failing to raise an ineffective assistance of trial counsel claim in the post-conviction proceeding would excuse the procedural default. *Id.*, 9, 17.

The holding in *Martinez* is inapplicable to Petitioner's case. Michigan law not only permits, but in general requires a criminal defendant to raise an ineffective assistance of trial counsel claim on direct appeal. *See e.g. People v. Brown*, 491 Mich. 914, 914-15, 811 N.W.2d 500 (2012); *Alexander v. Smith*, 311 F. App'x 875, 885 (6th Cir. 2009); *Spencer v. Booker*, 254 F. App'x 520, 523 (6th Cir. 2007).

Because Michigan defendants may bring ineffective assistance of trial counsel claims on direct appeal, Petitioner cannot use the alleged ineffectiveness of post-conviction counsel to excuse his failure to exhaust his claim that trial counsel was ineffective for failing to challenge Petitioner's competency in his post-conviction appeal with the Michigan Court of Appeals. *See Bell v. Howes*, 701 F. App'x 408, 413 (6th Cir. 2017). Moreover, because Michigan law allows an ineffective assistance of trial counsel claim to be raised on direct appeal, the lack of the assistance of counsel to assist Petitioner with his initial post-conviction motion for relief from judgment would not excuse Petitioner from raising this claim in his motion for relief from judgment. See *Moore v. Mitchell*, 708 F.3d 760, 785 (6th Cir. 2013).

Petitioner faces an even bigger problem with his ineffective assistance of appellate counsel claim. The Supreme Court has declined to extend their holding in *Martinez* to cover ineffective assistance of appellate counsel claims. *Davila v. Davis*, 582 U.S. 521, 529 (2017). Thus, a state post-conviction counsel's ineffectiveness in failing to raise an ineffective assistance of appellate counsel claim in the state courts does not provide an excuse to permit a federal habeas court to entertain that claim. *Id.* Petitioner cannot rely on the alleged ineffective assistance of post-conviction counsel to excuse his failure to raise his ineffective assistance of appellate counsel claim before the Michigan courts on post-conviction review.

Moreover, as mentioned above, there is no constitutional right to an attorney in post-conviction proceedings. *See Coleman,* 501 U.S. at 752-53. A habeas petitioner's *pro se* status and ignorance of rights at the state court level does not constitute cause which would excuse the procedural default. *Hannah v. Conley,* 49 F.3d at 1197. Accordingly, the mere fact that Petitioner had to represent himself in his motion for relief from judgment would not excuse his failure to raise his ineffective assistance of appellate counsel either in his *pro se* motion for relief from judgment.

Petitioner failed to show cause to excuse the default of these two claims. He has also failed to present evidence establishing his actual innocence of the murder. Petitioner claims he was legally insane at the time of the killing. Although the Seventh Circuit has suggested that the affirmative defense of insanity is a basis for actual innocence, *See Britz v. Cowan*, 192 F.3d 1101, 1103 (7th Cir. 1999), the Sixth Circuit has suggested that such a defense would not constitute actual innocence that would excuse a default. *See, e.g., Fuller v. Morrison*, No. 21-2704, 2022 WL 2719644, at *2 (6th Cir. Mar. 25, 2022) (concluding that an attack on a conviction based on the petitioner's mental health diagnoses and their impact on intent did not amount to a claim of factual innocence); *Hayward v. Leonard*, 172 F.3d 48 (Table), 1998 WL 939883, * 2 (6th Cir. Dec. 22, 1998) (habeas petitioner's claim that he was temporarily insane at the time of crime did not establish his actual innocence to

excuse default). In any event, the Seventh Circuit in *Britz v. Cowan*, seemed to suggest that this actual innocence exception would only apply where a habeas petitioner was acquitted on the grounds of insanity. *Id.* at 1103. Petitioner has made no showing here. Accordingly, he is not entitled to habeas relief on his defaulted claims.

## IV. CONCLUSION

The Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable

whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of the claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V. ORDER

IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **GRANTED**.

/s/ Gershwin A. Drain
**HON. GERSHWIN A. DRAIN**
**UNITED STATES DISTRICT JUDGE**

**Dated: August 11, 2026**